# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

**SHAMARI ROBERTS,**

    Plaintiff,

v.                                      Case No.:

**ARDENT MILLS, LLC and
MIKE JUNG,**

    Defendants.

_____/

## **DEFENDANTS' NOTICE OF REMOVAL**

Defendants, Ardent Mills, LLC and Mike Jung ("Defendants"), pursuant to 28 U.S.C. §§ 1331, 1441(a) and 1446, the applicable Federal Rules of Civil Procedure, and Local Rule 1.06, file this Notice of Removal of the civil action filed by Plaintiff Shamari Roberts ("Plaintiff") in the Thirteenth Judicial Circuit in and for Hillsborough County, Florida, because there is a federal question at issue. The grounds for removal of this civil action are set forth below.

## **Introduction**

On or about September 22, 2021, Plaintiff initiated this civil action in the Circuit Court of the Thirteenth Judicial Circuit in and for Hillsborough County, Florida, under the name and style, *Shamari Roberts v. Ardent Mills, LLC and Mike*

*Jung* (the "Circuit Court Case"). The Circuit Court Case was assigned case number 21-CA-007655. A true and correct copy of all process, pleadings, orders and other papers or exhibits of every kind on file in the Circuit Court Case are attached as **Composite Exhibit "A"** and are incorporated herein by reference.

### Timeliness of Removal

Plaintiff served Defendants on October 20, 2021.[1] Defendants filed this notice of removal within thirty (30) days of service of Plaintiff's Complaint as required under 28 U.S.C. § 1446(b) and *Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999) (holding thirty-day removal period begins to run when the Defendant is formally served).

### Federal Question & Supplemental Jurisdiction

In his Complaint, Plaintiff seeks relief for alleged violations of Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), the Florida Civil Rights Act of 1992 ("FCRA"), 42 U.S.C. § 1981 ("Section 1981"), and the National Labor Relations Act of 1935 ("NLRA"). Because Plaintiff asserts claims under Title VII, Section 1981, and the NLRA, this action is within the original federal question jurisdiction of this Court pursuant to 28 U.S.C. § 1331. Specifically, jurisdiction under 28 U.S.C. § 1331 exists because a federal question appears "on the face of the plaintiff's properly pleaded complaint." *See Caterpillar, Inc. v. Williams*, 482 U.S.

---

[1] Defendant executed a State Court Waiver of Service on October 20, 2021.

2

386, 392 (1987). Therefore, this action is removable to this Court under 28 U.S.C. § 1441(a). Additionally, this Court may exercise supplemental jurisdiction over Plaintiff's FCRA claims pursuant to 28 U.S.C. § 1367 because they stem from the same set of facts as Plaintiff's claims under Title VII, Section 1981, and the NLRA, and thus form part of the same case or controversy as Plaintiff's latter claims. Included within **Composite Exhibit "A"** is a true and correct copy of the complaint served upon Defendants.

## Judicial District

The Circuit Court of the Thirteenth Judicial Circuit in and for Hillsborough County, Florida is located within the United States District Court for the Middle District of Florida, Tampa Division. Thus, venue is proper in this Court because it is "the district and division embracing the place where the action is pending," 28 U.S.C. § 1441(a), and removal to this Court is proper under 28 U.S.C. § 1446(a).

## Filing of Removal Papers

Pursuant to 28 U.S.C. § 1446(d), Defendants have provided written notice of the removal to all adverse parties in this action and have filed a copy of the Notice of Filing Notice of Removal with the Clerk of the Circuit Court in and for Hillsborough County, Florida, a copy of which is attached hereto as **Exhibit "B."**

## **Conclusion**

Removal is appropriate under 28 U.S.C. § 1441(a) because this action is within the original federal question jurisdiction of this Court pursuant to 28 U.S.C. § 1331. Additionally, this Court has supplemental jurisdiction over Plaintiff's FCRA claims pursuant to 28 U.S.C. § 1367. This notice of removal is filed within thirty (30) days after service of Plaintiff's Complaint. Accordingly, this action currently pending in the Circuit Court of the Thirteenth Judicial Circuit in and for Hillsborough County, Florida should be removed to the United States District Court for the Middle District of Florida, Tampa Division, and this Court should assume full jurisdiction of this case as provided by law.

Dated this 5th day of November, 2021.

Respectfully submitted by:

**JACKSON LEWIS P.C.**

*/s/ Monica Williams Harris, Esq.*
**MONICA WILLIAMS HARRIS, ESQ.**
**Lead Trial Counsel**
Florida Bar No.: 0566780
E-mail: monica.harris@jacksonlewis.com
E-mail: denise.dawson@jacksonlewis.com
E-mail: TampaDocketing@jacksonlewis.com
**CHASE H. HALE, ESQ.**
Florida Bar No.: 1026400
E-mail: chase.hale@jacksonlewis.com
E-mail: nicole.villa@jacksonlewis.com
E-mail: TampaDocketing@jacksonlewis.com

Wells Fargo Center

100 S. Ashley Drive, Suite 2200
Tampa, Florida 33602
Telephone: (813) 512-3210
Facsimile: (813) 940-7439

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on this 5th day of November, 2021, I filed *Defendants' Notice of Removal* with the Clerk of Court, United States Middle District of Florida – Tampa Division, via the CM/ECF filing system which will send an electronic notice to counsel of record and was served via U.S. mail and electronic mail to counsel of record: Mandi Ballard Clay, Esq., (mandi@ThreeThirteenLaw.com), Three Thirteen Law, PLLC, 5408 Bruton Rd., Plant City, Florida 33565.

*/s/ Monica Williams Harris*
Attorney

4871-3894-6048, v. 1