IN THE CIRCUIT COURT OF THE THIRTEENTH JUDICIAL CIRCUIT
IN AND FOR HILLSBOROUGH COUNTY, FLORIDA
CIVIL DIVISION

SHAMARI ROBERTS,

    **Plaintiff,**                                          CASE NO.:

v.

ARDENT MILLS, LLC and
MIKE JUNG,

    **Defendants.**

_____/

## COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

Plaintiff, SHAMARI ROBERTS ("Plaintiff") by and through his attorneys, alleges and states as follows:

## PRELIMINARY STATEMENT

1. Plaintiff brings this action against ARDENT MILLS, LLC ("Ardent Mills") and MIKE JUNG for violations of Title VII of the Civil Rights Act, ("Title VII"), Florida Civil Rights Act ("FCRA") and 42 U.S. Code § 1981, ("Section 1981").

2. Plaintiff is a resident of Hillsborough County, Florida.

3. Ardent Mills is a Limited Liability Company with its principal place of business in Hillsborough County, Florida.

4. Mike Jung, upon information and belief, is a resident of Hillsborough County, Florida.

5. This court has subject matter jurisdiction over this case because it is an action for damages in excess of $30,000.00, exclusive of interest, attorney's fees, and costs.

6. Venue is proper in this county because the facts giving rise to this action occurred in this county.

## GENERAL ALLEGATIONS

7. Plaintiff, a black African-American male, began working for Defendant on August 17, 2020.

8. Before the starting date of his employment, Plaintiff was provided a tour of the Defendant's plant and introduced to his would-be supervisors in the Sanitation Department.

9. When Plaintiff started working, he was placed in another department and different position from what he was originally offered.

10. The new position of Sweeper was a lower position with longer hours than the position Plaintiff was originally hired for.

11. On August 29, 2020, a vacant position for Utility Operator was posted which was offered to Plaintiff by the Assistant Plant Manager, Mike Jung ("Jung") who is a white male.

12. Plaintiff declined the offer of the position because the position was known for the employees resigning or being terminated.

13. The position of Utility Operator was posted again on September 11, 2020, and Jung once again asked Plaintiff if he wanted the job, which Plaintiff declined.

14. On September 13, 2020, Jung instructed Plaintiff to take the Utility Operator position a third time. Jung provided the job bid to Plaintiff and instructed Plaintiff to bring it back signed or Jung would terminate his employment.

15. Plaintiff did as instructed and was placed in the Utility Operator position, but without the pay increase indicated on the job bid.

16. Plaintiff spoke with the onboarding supervisors Dennis Reaves and Kameron Davis, and asked why he was not getting paid the new rate.

17. They informed Plaintiff that he would have to train in *all positions* in order to get the new rate as a Utility Operator.

18. Plaintiff then spoke with two other Utility Operators, Omar Escobar and Alexander Ayala, both Hispanic males, and they both stated that they were not trained in all the positions but both were getting the increase pay as Utility Operators.

19. Plaintiff spoke with Corey Manning ("Manning") who is a black male, who informed Plaintiff that the same thing had happened to him. Manning stated that Defendant did not give him the increased pay when he began the job. Manning also stated that Defendant did that to all the black guys that worked there.

20. The next day, Jung confronted Plaintiff and asked him if he was going to quit as he had heard through the grapevine.

21. Jung proceeded to tell Plaintiff that he did not have to quit but rather Jung could just terminate Plaintiff's employment on the spot.

22. When Jung was walking away he called Plaintiff a "stupid nigger" to which Plaintiff responded "excuse me, what was that?" Jung then responded "you heard exactly what I said."

23. On another occasion on lunch break, Plaintiff overheard Jung on the phone saying "we've been trying to hire new guys so we can get rid of the old ones but these niggers can't pass a drug test to save their life."

24. Defendant has a 12- point discipline system for its employees.

25. In October of 2020, Jung disciplined Plaintiff for one point for clocking in late which was due to the fact that Defendant changed the door code after everyone had left the night before and did not inform Plaintiff.

26. Defendant also failed to provide Plaintiff a weekend off per month as per their policy and disciplined Plaintiff for taking off a weekend after working for two months without a single day off.

27. On November 5, 2020, Kameron Davis was in the break room talking to two employees, Darius Roach & Moses l/n/u about firing people. Kameron Davis stated that he has been following guys around & looking to build a file so he can give names to Jung so he can get them fired.

28. On October 28, 2020, Management interviewed Plaintiff for a job position at the new location (Port Redwing) opening late 2021.

29. Plaintiff was supposed to find out on November 12, 2020 if he got the new job, but was terminated on that day instead.

30. On November 12, 2020, Kameron Davis called Plaintiff informing him that Jung wanted to meet with him at 2:30.

31. When Plaintiff arrived to Jung's office, Plant Manager Steve l/n/u, a white male, and Dennis Reaves were both present. Jung started off by saying "management was going over your 90-day evaluation & your attendance doesn't align with the Ardent Mills values" and Plaintiff was terminated.

32. However, Plaintiff did not have a 90-day evaluation because his 90 days would not have been up until November 17, 2020.

33. Plaintiff's employment was terminated with less than 5 points and no written or verbal counseling.

34. After Plaintiff's employment was terminated he was informed that because he did not work a full 90 days he was not protected by the Union Contract.

35. On December 30, 2020, Plaintiff timely filed a dual charge of discrimination and retaliation with the Florida Commission on Human Relations ("FCHR") and the Equal Employment Opportunity Commission ("EEOC").

36. On August 12, 2021 the EEOC issued Plaintiff a Notice of Right to Sue. This Complaint has been filed within 90 days of receipt of that notice.

37. Plaintiff has fully complied with all prerequisites to jurisdiction in this Court under Title VII, and the FCRA.

## COUNT ONE

**Race Discrimination in Violation of Title VII Against Ardent Mills**

38. Plaintiff repeats and realleges paragraphs 1 through 37 hereof, as if fully set forth herein.

39. This is an action for discrimination based on race under Title VII.

40. The Ardent Mills is an "employer" as defined by Title VII.

41. Plaintiff is a Black male who, at all times relevant hereto, was an "employee", as defined by Title VII.

42. Plaintiff was qualified for his position when he his employment was terminated by Defendants.

43. Defendants subjected Plaintiff to disparate treatment due to his race and marginalized him, while treating Caucasian employees more favorably.

44. Plaintiff suffered damages as a result of Defendants' unlawful discriminatory actions, including emotional distress, past and future lost wages and benefits, and the costs of bringing this action.

## COUNT TWO

### Retaliation in Violation of Title VII Against Ardent Mills

45. Plaintiff repeats and realleges paragraphs 1 through 37 hereof, as if fully set forth herein.

46. Ardent Mills is an "employer" as defined by Title VII.

47. Plaintiff is a Black male who, at all times relevant hereto, was an "employee", as defined by Title VII.

48. Plaintiff was qualified for his position when he his employment was terminated by Defendants.

49. Ardent Mills has violated Title VII by subjecting Plaintiff to retaliation for his protected complaints and opposition to Jung's discriminatory comments on the basis of his race by terminating Plaintiff's employment.

50. Plaintiff suffered damages as a result of Defendants' unlawful retaliatory actions, including emotional distress, past and future lost wages and benefits, and the costs of bringing this action.

## COUNT THREE

### Race Discrimination in Violation of the FCRA Against Ardent Mills

51. Plaintiff repeats and realleges paragraphs 1 through 37 hereof, as if fully set forth herein.

52. This is an action for discrimination based on race under the FCRA.

53. Ardent Mills is an "employer" as defined by the FCRA.

54. Plaintiff is a Black male who, at all times relevant hereto, was an "employee", as defined by the FCRA.

55. Plaintiff was qualified for his position when he his employment was terminated by Defendant.

56. Defendants subjected Plaintiff to disparate treatment due to his race and marginalized him, while treating Caucasian employees more favorably.

57. Plaintiff suffered damages as a result of Defendants' unlawful discriminatory actions, including emotional distress, past and future lost wages and benefits, and the costs of bringing this action.

## COUNT FOUR

**Retaliation in Violation of the FCRA Against Ardent Mills**

58. Plaintiff repeats and realleges paragraphs 1 through 37 hereof, as if fully set forth herein.

59. Ardent Mills is an "employer" as defined by the FCRA.

60. Plaintiff is a Black male who, at all times relevant hereto, was an "employee", as defined by the FCRA.

61. Plaintiff was qualified for his position when he his employment was terminated by Defendants.

62. Ardent Mills has violated the FCRA by subjecting Plaintiff to retaliation for his

7

protected complaints and opposition to Jung's discriminatory comments and disparate pay on the basis of his race by terminating Plaintiff's employment.

63. Plaintiff suffered damages as a result of Defendants' unlawful retaliatory actions, including emotional distress, past and future lost wages and benefits, and the costs of bringing this action.

## COUNT FIVE

### Race Discrimination in Violation of Section 1981 Against All Defendants

64. Plaintiff repeats and realleges paragraphs 1 through 37 hereof, as if fully set forth herein.

65. Defendants have violated Section 1981 by subjecting Plaintiff to discrimination on the basis of his race by not paying him the same as his Caucasian counterparts and eventually terminating his employment.

66. Plaintiff suffered damages as a result of Defendants' unlawful discriminatory actions, including emotional distress, past and future lost wages and benefits, and the costs of bringing this action.

## COUNT SIX

### Violation of the National Labor Relations Act Against Ardent Mills

67. Plaintiff repeats and realleges paragraphs 1 through 37 hereof, as if fully set forth herein.

68. Defendant has violated the National Labor Relations Act by retaliating against Plaintiff for discussing the terms and conditions of his employment with his coworkers.

69. Plaintiff suffered damages as a result of Defendant's unlawful actions, including emotional distress, past and future lost wages and benefits, and the costs of bringing this action.

**WHEREFORE**, Plaintiff respectfully requests that this Court:

A. Accept jurisdiction over this matter;

B. Award to Plaintiff her past and future loss of wages and benefits, plus interest;

C. Award to Plaintiff all costs and reasonable attorneys' fees incurred in connection with this action;

D. Award to Plaintiff compensatory damages; and

E. Grant Plaintiff such additional or alternative relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all claims properly triable by a jury.

Dated: September 22, 2021.
/s/Mandi Ballard Clay, Esq.
MANDI B. CLAY, ESQ.
Fla. Bar No. 28808
Three Thirteen Law, PLLC
THREE THIRTEEN LAW, PLLC
5408 Bruton Rd.
Plant City, FL 33565
mandi@ThreeThirteenLaw.com
Phone: 813-530-9849
Fax: 813-200-3330